IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DAVID TYRONE EASTLAND, #115661, )
)
    Plaintiff, )
)
)
v. ) CIVIL ACTION NO. 2:05-CV-222-F
) WO
)
DR. SIDDIQ, et al., )
)
    Defendants. )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, David Tyrone Eastland ["Eastland"], a state inmate, maintains that the defendants acted with deliberate indifference to his medical needs. Specifically, Eastland complains that Dr. Tahir Siddiq failed to provide him with adequate topical cream for a rash and officer Dollie Blue refused to refer him to medical personnel when he requested a body chart. The plaintiff seeks monetary damages from the defendants.

The defendants filed special reports and supporting evidentiary materials addressing the plaintiff's claims for relief. Pursuant to the orders entered herein, the court deems it appropriate to treat these special reports as motions for summary judgment. *See Order of May 2, 2005 - Court Doc. No. 15*. Thus, this case is now pending on the defendants' motions for summary judgment. Upon consideration of such motions, the undisputed evidentiary materials filed in support thereof and the plaintiff's response in opposition to

these motions, the court concludes that the defendants' motions for summary judgment are due to be granted.

## I. FACTS

Defendant Siddiq diagnosed the plaintiff with anorectal fistula and referred him to a free-world physician for surgery to correct this condition. Dr. Brian Whyte, a private physician, successfully performed this surgery on December 15, 2004 at Baptist Medical Center South in Montgomery, Alabama. Eastland asserts that after this surgery he required an antifungal cream which Dr. Siddiq failed to prescribe in proper amounts. He also complains that on one occasion he asked defendant Blue for a body chart but she refused this request.

## II. STANDARD OF REVIEW

To survive a properly supported motion for summary judgment, the plaintiff is required to produce some evidence based on personal knowledge which would be admissible at trial supporting his constitutional claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Specifically, the plaintiff must "go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. A plaintiff's conjectural and conclusory allegations do not provide sufficient evidence to oppose a motion for summary judgment. *Harris v. Ostrout*, 65 F.3d 912 (11th Cir. 1995); *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984). Consequently, when a plaintiff fails to make a showing sufficient to establish the existence of an element

essential to his case, and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322; *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607 (11th Cir. 1987). Where all admissible evidentiary materials before the court indicate that there is no genuine issue of material fact and that the party moving for summary judgment is entitled to it as a matter of law, entry of summary judgment is appropriate. *Celotex*, 477 U.S. at 322; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir. 1987).

Although factual inferences must be viewed in a light most favorable to the non-moving party and pro se complaints are entitled to liberal interpretation by the courts, a pro se litigant does not escape the burden of establishing a genuine issue of material fact. *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). In this case, the plaintiff has failed, after being afforded an opportunity to do so, to establish that there is a genuine issue as to a material fact in order to preclude summary judgment.

### III.  DISCUSSION

To prevail in a suit based on an Eighth Amendment claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that prison personnel acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254 (11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Aldridge v. Montgomery*, 753 F.2d 970, 972 (11th Cir. 1985). A prison medical care provider or correctional official may be held liable under

the Eighth Amendment for acting with "deliberate indifference" to an inmate's health when the provider knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). The mere fact that a prisoner desires a different mode of medical treatment does not amount to deliberate indifference. *Hamm v. DeKalb County*, 774 F.2d 1567 (11th Cir. 1985). Moreover, a difference of medical opinion does not constitute deliberate indifference. *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989).

The undisputed evidentiary materials submitted by the defendants demonstrate that medical personnel routinely examined the plaintiff, evaluated his condition and responded in an appropriate manner to his requests for treatment. *See Medical Defendants' Exhibit A - Medical Records of David T. Eastland.* These materials likewise establish that Dr. Siddiq repeatedly prescribed an antifungal cream, various medications and other forms of therapy during his treatment of the plaintiff's myriad complaints. *Id.* Additionally, the record shows that upon the plaintiff's request for a body chart defendant Blue immediately contacted medical personnel who advised her that "Eastland had already been to the infirmary and the nurses did not want to see him again" at that time. *Correctional Defendants' Exhibit A - Affidavit of Dollie Blue* at 2.

Although the plaintiff maintains that he should have been furnished a greater amount of topical cream and provided a body chart on demand, the mere fact that he desired a different mode of medical treatment does not amount to deliberate indifference. *Hamm v.*

4

*DeKalb County*, *supra*. The plaintiff fails to present any evidence demonstrating that the defendants disregarded a substantial risk to his health by denying him adequate medical treatment for his complaints. In light of the foregoing, it is clear that the plaintiff has utterly and completely failed to establish that the defendants acted with deliberate indifference. Summary judgment is therefore due to be granted in favor of the defendants.

### IV. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The motions for summary judgment filed by the defendants be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be dismissed with prejudice.

4. The costs of this proceeding be taxed against the plaintiff.

It is further

ORDERED that on or before July 5, 2005 the parties shall file any objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of July, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE